STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
WALTER WAY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 25, 1974—Decided December 9, 1974.

Before Judges LEONARD, SEIDMAN and BISCHOFF.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. Michael Suffness,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Robert H. Klausner,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. A jury convicted defendant of open lewdness, in violation of *N. J. S. A.* 2A:115–1, and he was sentenced to an indeterminate term at the Diagnostic Unit of Rahway State Prison Farm. He claims that (1) the judge erroneously denied his motion for a judgment of acquittal, (2) the judge should have *sua sponte* ordered a plenary hearing regarding the contents of the Diagnostic Center report, and (3) the sentence is illegal.

As for the first argument advanced, a motion for a judgment of acquittal must be denied if "viewing the State's evidence in its entirety, be that evidence direct or circumstantial," and giving the State the benefit of all reasonable

inferences, "a reasonable jury could find guilt of the charge beyond a reasonable doubt." *State v. Reyes,* 50 *N. J.* 454, 458–459 (1967).

■ To prove open lewdness under *N. J. S. A.* 2A :115–1 the State must show that defendant committed an act which (1) is indecent, (2) is open and notorious, and (3) tends to debauch the morals and manners of the people. Furthermore, defendant must have intended that his act be seen. *State v. Beckett,* 56 *N. J.* 267, 269 (1970).

The jury here could have found beyond a reasonable doubt that all those elements were proven. The evidence produced in behalf of the State indicated that a police officer on routine patrol and a detective in an unmarked car were dispatched to the parking area in the rear of Immaculate Heart Academy, a girl's high school in Washington Township. They observed a white Chevrolet which was operated by defendant. It was moving slowly and the driver was looking at the patrol car. The automobile collided with the detective's vehicle. When both officers approached defendant, who was still seated behind the wheel, they saw that the zipper of his trousers was unfastened and his penis exposed. There was no evidence of his being intoxicated.

Defendant's automobile was about 25 feet away from the rear of the school building where there were large glass panels through which, according to the police witnesses, students could be seen changing classes or walking through the hallways. The officers also said that when they arrived at the parking area they saw five girls entering the school.

■ Defendant argues that the State failed to prove he intended his exposed penis to be seen by anyone and, therefore, the court should not have permitted the jury to consider whether the crime of open lewdness had been committed. The argument lacks merit. The jury could well have concluded from the evidence that defendant's choice of location and time indicated his intention that his act should be seen by female students at the school. Defendant's motion for an acquittal was correctly denied.

■ Defendant contends, further, that his sentence was illegal in that the trial judge failed to specify a maximum term and also to credit him with time spent in custody while awaiting trial and sentence. Defendant was sentenced as a sex offender under *N. J. S. A.* 2A:164–6, which provides that no minimum period of detention shall be specified and that "in no event shall the person be confined * * * for a period of time greater than that provided by law for the crime of which such person was convicted." There was thus no need to refer to a maximum term in sentencing defendant. *State v. Johnson,* 91 *N. J. Super.* 426, 432 (App. Div. 1966).

■ We agree, however, that defendant should have been given credit for such period, if any, prior to his commitment during which he was confined in the county jail and also in the Diagnostic Center, and we direct a modification of his sentence to that effect. *State v. Lee,* 60 *N. J.* 53 (1972).

Lastly, defendant claims that the trial judge failed to offer him an opportunity to contest the Diagnostic Center's findings by means of a full hearing. The argument advanced is that at the time of sentencing defendant challenged the conclusion in the report submitted by the Diagnostic Center. It is acknowledged, however, that his counsel did not specifically request a hearing. The contention is that the judge should nevertheless have ordered a plenary hearing to test the conclusions in the report.

■ It is now established that where a defendant duly challenges the sufficiency or any material aspect of the Center's report he is entitled to be confronted with the witnesses against him, with the right to offer evidence in his own behalf. *State v. Horne,* 56 *N. J.* 372, 375 (1970). See *R.* 3:21–3.

The transcript of the sentencing proceedings does not disclose that the report's contents or its conclusions were "challenged." All that appears is defense counsel's statement that the court was not bound by the recommendation to commit defendant as a sex offender, and his request that the court

should consider placing defendant on probation conditioned upon his seeking proper treatment.

However, *R.* 3:21–3 requires the court, before imposing sentence or making disposition of defendant under the provisions of the Sex Offender Act (*N. J. S. A.* 2A:164–3), to advise defendant of his opportunity to be heard thereon and to afford him such hearing. The record does not indicate that the trial judge complied with the rule by advising defendant as required therein. We cannot determine from what is before us whether defendant would have sought a hearing had he been informed of his right to be heard.

Even now defendant does not specifically object to any of the conclusions in the report, nor does he contest any material factual assertion. His only disagreement is with the recommendation that he be confined. In the circumstances we deem it unnecessary to remand the matter for the purpose of having the judge below advise defendant of his right to be heard. Instead, we shall affirm the conviction and the sentence imposed thereon, but without prejudice to an application by defendant, if he so chooses, for a hearing pursuant to *R.* 3:21–3, provided that such application shall be filed and served within 30 days from the date hereof and provided, further, that the hearing shall be limited to a challenge to "the sufficiency or any material aspect of" the report of the Diagnostic Center, or to the "accuracy or validity of the report's material factual or conclusional assertions on which the sentence is being based." See *State v. Horne, supra* at 377. No hearing shall be necessary if defendant intends only to argue, as he did below, that the court should not follow the recommendation.

As modified, and without prejudice to an application for a hearing as set forth hereinabove, the judgment of conviction is affirmed. Jurisdiction is not retained.